1  Donna M. Mezias (State Bar No. 111902)
   dmezias@jonesday.com
2  Catherine S. Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:    (415) 626-3939
5  Facsimile:     (415) 875-5700

6  Attorneys for Defendant
   NATIONAL CITY BANK

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  **SONIA RENAZCO,**                    Case No.

12            **Plaintiff,**              **DEFENDANT NATIONAL CITY
                                          BANK'S NOTICE OF REMOVAL OF**
13       **v.**                           **ACTION FROM STATE COURT**

14  **NATIONAL CITY BANK, and DOES 1**    [28 U.S.C. §§ 1331, 1332, 1441 AND
    **through 100,**                      1446]
15
              **Defendant.**
16

17       TO THE CLERK OF THE ABOVE ENTITLED COURT:

18       PLEASE TAKE NOTICE THAT National City Bank ("Defendant"), Defendant in the

19  above-titled action, hereby removes this matter to the United States District Court for the

20  Northern District of California, pursuant to 28 U.S.C. § 1331, § 1332, § 1441, and § 1446. The

21  grounds for removal are as follows:

22                    **Compliance with Statutory Requirements**

23       1.    On or about July 26, 2007, Plaintiff Sonia Renazco ("Plaintiff") filed a Class

24  Action Complaint in the Superior Court of the State of California for the County of Sonoma, Case

25  No. SCV241187, captioned *Sonia Renazco, individual, on behalf of herself and all others*

26  *similarly situated, v National City Mortgage Co., a division of National City Corporation, and*

27

28

1    *Does 1-100.* Plaintiff improperly named National City Mortgage Co. as the defendant.

2    Defendant was never served with the original complaint.

3    2.    On or about September 28, 2007, Plaintiff filed an Amended Class Action

4    Complaint, correcting the name of the defendant. The Amended Complaint is captioned *Sonia*

5    *Renazco, individual, on behalf of herself and all others similarly situated, v. National City Bank,*

6    *and Does 1-100* ("Amended Complaint"). In her Amended Complaint, Plaintiff asserts claims for

7    Restitution for Overtime Wages; Recovery of Overtime Wages; Waiting Time Penalties; Rest and

8    Meal Breaks; Wage Penalties; and Declaratory Relief.

9    3.    In this matter, Plaintiff seeks class action certification of a class that would include

10    "all individuals who were employed by defendant in the position of underwriter, senior

11    underwriter, underwriter trainee, and/or any similar position that is responsible for reviewing

12    home mortgages to consumers…within the State of California during the applicable limitations

13    period." Amended Complaint, ¶ 4.

14    4.    The Summons and Amended Complaint were served on Defendant effective

15    November 6, 2007. Defendant's removal of this action is timely because Defendant is removing

16    this matter within 30 days of Plaintiff's completion of service. *See* 28 U.S.C. § 1446(b).

17    5.    In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and

18    correct copies of all process, pleadings, or orders in this action.

19    6.    Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice

20    of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with

21    the Clerk of the Superior Court of the State of California, County of Sonoma.

22    **Intradistrict Assignment**

23    7.    Plaintiff filed this case in the Superior Court of California, County of Sonoma;

24    therefore, this case may properly be removed to the Oakland Division or San Francisco Division

25    of the Northern District of California. *See* 28 U.S.C. § 1441(a); Civil L. R. 3-2(c), (d), 3-5(b).

26

27

28

1

## Jurisdiction

2      8.      This Court has federal question subject matter jurisdiction under 28 U.S.C.

3   §§ 1331 and 1441(b) because Plaintiff's action is founded on a claim or right arising under a law

4   of the United States, the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

5      9.      This Court also has original jurisdiction over this matter pursuant to 28 U.S.C.

6   § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14

7   ("CAFA")). Under Section 1332(d), federal courts have original diversity jurisdiction over a

8   class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State

9   different from any defendant," 28 U.S.C. § 1332(d)(2)(A), and (2) "the matter in controversy

10   exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2).

11   Both requirements are satisfied in this case.

12

## Federal Question

13      10.      Plaintiff's First Cause of Action asserts that Defendant failed to pay her and the

14   putative class compensation for overtime work in violation of the Fair Labor Standards Act. The

15   Fair Labor Standards Act is a law of the United States and, therefore, the Court has original

16   jurisdiction over Plaintiff's claim. *See* 28 U.S.C. § 1331. This claim is therefore predicated on,

17   and requires interpretation of, federal law.

18      11.      Plaintiff's remaining state law claims are removable as part of the entire case

19   pursuant to 28 U.S.C. § 1441(c).

20

## Diversity Jurisdiction

21      12.      In this matter, diversity of citizenship exists because the only defendant and at

22   least one proposed class member are citizens of different states. *See* 28 U.S.C. § 1332(d)(2).

23   Specifically, Defendant is a citizen of Ohio. S*ee* 28 U.S.C. § 1332(c)(1). Defendant is a

24   corporation incorporated under the laws of the State of Ohio, with a principal place of business in

25   that State. *See* Declaration of Thomas Plant, ¶ 2, attached as Exhibit B. Plaintiff, on the other

26   hand, alleges that she resides in California. Amended Complaint, ¶ 1. Thus, based upon

27   information and belief, Plaintiff was a citizen of the State of California at the time she filed this

28   action, and still is. Moreover, Plaintiff's putative class consists of persons who are or were

1 employed in the position of "underwriter, senior underwriter, underwriter trainee, and/or any

2 similar position that is responsible for reviewing home mortgages to consumers...within the State

3 of California." *Id.*, ¶ 4 (emphasis added).

4  13. Further, though Defendant concedes neither liability on Plaintiff's claims nor the

5 propriety or breadth of the class as alleged by Plaintiff, the Amended Complaint places in

6 controversy a sum greater than $5,000,000. *See* 28 U.S.C. § 1332(d). While the Amended

7 Complaint does not allege a specific dollar amount in damages, Plaintiff seeks unpaid overtime

8 wages, penalty wages, waiting time penalties, meal and break penalties, and attorneys' fees on

9 behalf of herself and each of the purported class members. Amended Complaint, ¶¶ 14, 19, 21,

10 25, 27, 29, 35, 44, 45, 54, 55.

11  14. The class period commences four years prior to the filing of the complaint. Cf.

12 Cal. Code of Civ. Pro. § 338(a) (establishing a three year statute of limitations for Plaintiff's

13 Failure to Pay Overtime Claim); Cal. Bus. and Prof. Code § 17203 (establishing a four-year

14 statute of limitations applicable to Plaintiff's Violation of Business & Professions Code claim).

15 Since October 2003, Defendant employed approximately 194 individuals in exempt, underwriter,

16 senior underwriter, underwriter trainee, and similar positions responsible for reviewing home

17 mortgages for consumers in the State of California. *See* Declaration of Martha Heady Messman

18 ("Messman Dec."), attached as Exhibit C, at ¶ 4. Of these 194 individuals, approximately 135 are

19 former employees. *Id.* at ¶ 4. Since October 13, 2003, the average tenure of these employees was

20 approximately 65 weeks. *Id.* at ¶ 4. The lowest average annual salary of the purported class

21 members since October 2003 was approximately $25,000.00, and the highest approximately

22 $141,234.00. *Id.* at ¶ 4. Thus, assuming that these individuals averaged even four hours per

23 week of uncompensated overtime during their tenure, and using the midpoint in the salary range

24 of $83,117.00 the amount in controversy for the overtime claim in this matter would be

25 $3,023,373.60.[1] In addition, the meal period and rest break claims place in controversy

26   ―――――――――
  [1] The amount in controversy with respect to the unpaid overtime claim was calculated as follows:

27 Step 1: Divide the purported class member's approximate midpoint salary by 2080 hours to derive the average regular rate of pay ($39.96) (*see* Cal. Lab. C. § 515(d)); then multiply the

28 average regular rate by 1.5 to calculate the average overtime rate of pay:

1 approximately $1,007,791.20, assuming one missed meal period and one missed rest break per

2 week over the average tenure since October 2003.[2] Finally, the claim for waiting time penalties

3 places in controversy approximately $1,323,475.20.[3]

4    15.    In sum, the amount in controversy, as detailed in paragraph 14, is approximately

5 $5,354,640.00 ($3,023,373.60 + $1,007,791.20 + $1,323,475.20).  This does not take into account

6 the penalties alleged under the Labor Code Private Attorneys General Act of 2004, nor does it

7 take into account attorneys' fees.

8    16.    Further, the regular rate used to calculate the potential amount in controversy set

9 forth in paragraph 14 does not factor in commission or bonus payments, which, if added to the

10 average salary, would increase the regular rate and thus the calculation of the amount in

11 controversy.  In short, this matter plainly exceeds the minimum amount-in-controversy

12 requirement for CAFA diversity jurisdiction.

13    17.    In establishing the amount in controversy, Defendant does not concede that

14 Plaintiff ever worked more than forty hours per workweek or more than eight hours per day or

15 that she is entitled to overtime pay.  Nor does Defendant concede that any or all of its current or

16

17 (continued...)

18    $83,117.00 ÷ 2080 x 1.5 = $59.94

19 Step 2:  Multiply the average overtime rate of pay by four hours of overtime and then by the
average tenure for the purported class during the class period (65 weeks) to calculate the average
20 overtime amount per employee; then multiply that amount by the number of members in the
purported class:

21    $59.94 x 4 x 65 x 194 = $3,023,373.60.

22    [2] The amount in controversy with respect to the meal period and rest break claims was
calculated as follows:

23    Multiply the number of members in the purported class by the regular rate of pay (as
determined in n.1 above); then by the number of violations per week (two, one meal period
24 violation and one rest break violation) by the average tenure over the class period:

25    194 x $39.96 x 2 x 65 = $1,007,791.20

26    [3] The amount in controversy with respect to the waiting time penalty claim was calculated
as follows:

27    Multiply the number of former employees by the regular rate of pay (as determined in n.1
above); then by 8 hours and 30 days (See Cal. Lab. Code § 203):

28    135 x $39.96 x 8 x 30.

1 former California underwriters, senior underwriters, underwriter trainees, and/or employees in

2 any similar positions responsible for reviewing home mortgages to consumers California are

3 appropriately included in the putative class.

4    WHEREFORE, the above-titled action is hereby removed to this Court from the Superior

5 Court of the State of California, County of Sonoma.

7 Dated: November 26, 2007     Respectfully submitted,

8              Jones Day

10           By: _Donna M. Mezias_

11             Donna M. Mézias
               Counsel for Defendant
               NATIONAL CITY BANK

13 SFI-574040v1

# EXHIBIT A

*Exhibit 1*

H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

SONIA RENAZCO, individual, on behalf )
of herself and all others similarly situated, )
                                              )
                    Plaintiffs,               )
                                              )
        v.                                    )
                                              )
NATIONAL CITY MORTGAGE CO., a                 )
division of NATIONAL CITY                     )
CORPORATION, and DOES 1 through               )
100,                                          )
                                              )
                    Defendants.               )
                                              )

CASE NO. $\varsigma c \vee$ 241187

**CLASS ACTION COMPLAINT FOR:**

1. Restitution of Overtime Wages (B&P 17200)
2. Recovery of Overtime Wages (Labor Code 1194).
3. Waiting Time Penalties (Labor Code 203)
4. Rest and Meal Breaks (Labor Code 226.7)
5. Wage Penalties (Labor Code 210 and 226.3)
6. Declaratory Relief

Comes now Plaintiff SONIA RENAZCO (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, and alleges:

### General Allegations

1.     Plaintiff SONIA RENAZCO is an individual residing in the State of California.

COMPLAINT                                    1                    ORIGINAL

2.     Defendant NATIONAL CITY MORTGAGE CO., a division of NATIONAL CITY CORPORATION, is a mortgage lender who does business in California.

3.     Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 50 but will amend this complaint when that information becomes known. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including the DOE defendants, was the officer, director, employee, agent, representative, alter ego or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein, was acting in the course and scope of, and in furtherance of, such relationship. Unless otherwise specified, plaintiff will refer to all defendants collectively as "defendant" and each allegation pertains to each defendant.

CLASS ACTION ALLEGATIONS

4.     Class Definition: Plaintiff worked for defendant as an underwriter, responsible for reviewing home mortgage loan applications from consumers. Plaintiff seeks to bring this lawsuit as a class action pursuant to Code of Civil Procedure section 382. The class that plaintiff seeks to represent is defined as follows: "All individuals who were employed by defendant in the position of underwriter, senior underwriter, underwriter trainee, and/or any similar position that is responsible for reviewing home mortgages to consumers ('Covered Position'), within the State of California during the applicable limitations period."

A.     "Subclass A" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, did not receive a "salary" of at least $455 per week (or $155 per week before August 23, 2004). "Salary" means a predetermined amount of wages each pay period without reduction due to the quantity or quality of the employee's work. A "commission" is not a salary.

COMPLAINT                                          2

B.      "Subclass B" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, received a salary of less than twice the California minimum wage and either (1) had total earnings that were less than 1.5 times the California minimum wage, or (2) less than half of their earnings represented commissions.

C.      "Subclass C" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, were paid a salary of at least twice the minimum wage.

D.      "Subclass D" consists of all members of Subclass A, Subclass B and/or Subclass C who, as of the date that this lawsuit was filed, were no longer employed by defendant.

5.      Ascertainable Class. The proposed class and each subclass are ascertainable in that their members can be identified and located using information contained in defendant's payroll and personnel records.

6.      Common Questions of Fact and Law. This lawsuit is suitable for class treatment because common questions of fact and law predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether the class members qualify for exempt status under the administrative exemption; (2) whether defendant's business qualifies as a "retail or service establishment"; (3) the extent to which defendant analyzed the duties and responsibilities of the class members before classifying them as exempt; (4) the number of hours per week and per day class members are expected to work; (5) defendant's expectations as to the duties and responsibilities of the class members, and whether these expectations are reasonable under the circumstances; (6) whether the various tasks performed by the class members qualify as exempt or non-exempt tasks; and (7) whether defendant's withholding of overtime pay and deduction from wages was willful under the meaning of Labor Code section 203.

COMPLAINT                                    3

7.      Numerosity.  The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class members is unknown to plaintiff at this time, plaintiff is informed and believes that the entire class consists of at least 100 members, and that each subclass is so numerous that joinder of the members would be impracticable.

8.      Typicality and Adequacy.  Plaintiff's claims are typical of the claims of the class members.  Plaintiff suffered an injury similar to that of the other class members as a result of defendant's common practices regarding the payment of wages.  In addition, plaintiff will fairly and adequately protect the interests of the members of the class.  Plaintiff has no interests that are adverse to the interests of the other class members.

9.      Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the class is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.  Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the availability of fewer remedies, and the fact that the losing party has the right to a trial de novo in the Superior Court.

## FIRST CAUSE OF ACTION

### (Restitution of Overtime Wages - On Behalf of Subclass A)

10.     Plaintiff incorporates the allegations contained in paragraphs 1 through 9.

11.     The Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week. This court has concurrent jurisdiction over claims involving the FLSA pursuant to 29 U.S.C. section 216(b).

12.     Subclass A members regularly work more than 40 hours per week, but are not paid overtime. Subclass A members are not "exempt" under the FLSA, because *inter alia*, they are not paid a salary of at least $455 per week (or $155 per week prior to August 23, 2004), and defendant's business does not qualify as a "retail or service establishment" under 29 U.S.C. section 207(I) and 29 C.F.R. sections 779.316 and 779.317.

13.     Defendant has committed an act of unfair competition by not paying the required overtime pay to members of Subclass A.

14.     Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass A, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### (Restitution of Overtime Wages - On Behalf of Subclass B)

15.     Plaintiff incorporates the allegations contained in paragraphs 1 through 14.

16.     Wage Order 4-2001, 8 C.C.R. section 11040, which applies to defendant's business, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day.

17.     Subclass B members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime. Subclass B members are not exempt because, *inter alia*, they are not paid a monthly salary equivalent to at least twice the minimum wage and they do not qualify for the commissioned sales exemption under Wage Order 4-2001, section 3(D).

18.     Defendant has committed an act of unfair competition by not paying the required overtime pay to the members of Subclass B.

19.     Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass B, in an amount to be proved at trial.

THIRD CAUSE OF ACTION

(Labor Code section 1194 - On Behalf of Subclass B)

20.     Plaintiff incorporates the allegations contained in paragraphs 1 through 19.

21.     Pursuant to California Labor Code section 1194, plaintiff and the Subclass B members are entitled to recover their unpaid overtime compensation, plus attorneys' fees and costs, in an amount to be proved at trial.

FOURTH CAUSE OF ACTION

(Restitution of Overtime Wages - On Behalf of Subclass C)

22.     Plaintiff incorporates the allegations contained in paragraphs 1 through 21.

23.     Subclass C members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime. Subclass C members are not exempt because, *inter alia*, they are production workers, they do not spend the majority of their time on exempt tasks, and they do not customarily and regularly exercise discretion and independent judgment in matters of consequence to defendant's business.

1    24.    Defendant has committed an act of unfair competition by not paying the required

2    overtime pay to the members of Subclass C.

3    25.    Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring

4    defendant to make restitution of all overtime wages due the members of Subclass C, in an

5

6    amount to be proved at trial.

7                              FIFTH CAUSE OF ACTION

8                    (Labor Code section 1194 - On Behalf of Subclass C)

9    26.    Plaintiff incorporates the allegations contained in paragraphs 1 through 25.

10

11   27.    Pursuant to California Labor Code section 1194, plaintiff and the Subclass C

12   members are entitled to recover their unpaid overtime compensation, plus attorneys' fees and

13   costs, in an amount to be proved at trial.

14                             SIXTH CAUSE OF ACTION

15   (Labor Code Section 203 - Waiting Time Penalties - By and on Behalf of Subclass D)

16   28.    Plaintiff incorporates the allegations contained in paragraphs 1 through 27.

17

18   29.    Defendant willfully and intentionally failed to pay plaintiff and the other Subclass

19   D members all of the wages that they were due by the deadlines imposed under Labor Code

20   sections 201 and 202. Accordingly, plaintiff and the Subclass D members are entitled to waiting

21   time penalties of up to 30 days' pay, in an amount to be proved at trial.

22                            SEVENTH CAUSE OF ACTION

23   (Labor Code § 2699(a) - PAGA - and Labor Code § 226.7 - Rest and Meal Breaks - By and On
24                              Behalf of Subclasses A, B and C)

25   30.    Plaintiff incorporates the allegations contained in paragraphs 1 through 29.

26   31.    California Labor Code section 2699(a), also known as the Labor Code Private

27

28   Attorneys General Act of 2004, states:

COMPLAINT                              7

1    Notwithstanding any other provision of law, any provision of this code that
     provides for a civil penalty to be assessed and collected by the Labor and
2    Workforce Development Agency or any of its departments, divisions,
     commissions, boards, agencies, or employees, for a violation of this code, may, as
3    an alternative, be recovered through a civil action brought by an aggrieved
     employee on behalf of himself or herself and other current or former employees.
4

5        32.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

6    Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

7    violator and against whom one or more of the alleged violations was committed.

8        33.    Plaintiff therefore brings this action on behalf of herself and all other current

9    and former employees.

10       34.    Plaintiff has complied with the notice provisions of Labor Code section

11   2699.3.

12       35.    Defendant failed to provide the members of subclasses A, B and C with all of

13   their required rest and meal breaks. As a result, under Labor Code section 226.7, plaintiff and

14   the members of Subclasses A, B and C are entitled to one additional hour's pay of each day that

15   a rest or meal break was missed, in an amount to be proved at trial.

16

17                            EIGHTH CAUSE OF ACTION

18   (Labor Code § 2699(a) - PAGA - and Labor Code §§ 204 and 210 - Accurate Wages - By and
                            On Behalf of Subclasses A, B and C)

19

20       36.    Plaintiff incorporates the allegations contained in paragraphs 1 through 35.

21       37.    California Labor Code section 2699(a), also known as the Labor Code Private

22   Attorneys General Act of 2004, states:

23
     Notwithstanding any other provision of law, any provision of this code that provides
24   for a civil penalty to be assessed and collected by the Labor and Workforce
     Development Agency or any of its departments, divisions, commissions, boards,
25   agencies, or employees, for a violation of this code, may, as an alternative, be
     recovered through a civil action brought by an aggrieved employee on behalf of
26   himself or herself and other current or former employees.

27       38.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

28   Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

     COMPLAINT                          8

violator and against whom one or more of the alleged violations was committed.

39.    Plaintiff therefore brings this action on behalf of herself and all other current and former employees.

40.    Plaintiff has complied with the notice provisions of Labor Code section 2699.3.

41.    Labor Code sections 204 and 210 require accurate payment of wages.

42.    By the conduct alleged above, Defendant has failed to accurately pay wages, and therefore the penalty provisions of Labor Code § 210 apply.

43.    The civil penalties provided for in these sections are in addition to any other civil or criminal penalty provided by law.

44.    Therefore, Plaintiff demands penalties under the Labor Code Private Attorneys General Act of 2004 in the amounts specified in Labor Code § 210.

45.    Furthermore, Plaintiff demands penalties under §2699(f) for violations of the Labor Code for which there are no prescribed civil penalties.

## NINTH CAUSE OF ACTION

(Labor Code § 2699(a) - PAGA - and Labor Code §§ 226 and 226.3 - Accurate Pay Stubs - By and On Behalf of Subclasses A, B and C)

46.    Plaintiff incorporates the allegations contained in paragraphs 1 through 45.

47.    California Labor Code section 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

48.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

49.    Plaintiff therefore brings this action on behalf of herself and all other current and former employees.

50.    Plaintiff has complied with the notice provisions of Labor Code section 2699.3.

51.    Labor Code sections 226 and 226.3 require accurate pay stubs.

52.    By the conduct alleged above, Defendant has failed to provide accurate pay stubs, and therefore the penalty provisions of Labor Code § 226.3 apply.

53.    The civil penalties provided for in these sections are in addition to any other civil or criminal penalty provided by law.

54.    Therefore, Plaintiff demands penalties under the Labor Code Private Attorneys General Act of 2004 in the amounts specified in Labor Code § 226.3.

55.    Furthermore, Plaintiff demands penalties under §2699(f) for violations of the Labor Code for which there are no prescribed civil penalties.

### TENTH CAUSE OF ACTION

(Declaratory Relief By Plaintiff Only)

56.    Plaintiff incorporates the allegations contained in paragraphs 1 through 55.

57.    An actual controversy has arisen and continues to exist between plaintiff and defendant concerning whether defendant's business qualifies as a "retail or service establishment" under the FLSA. Plaintiff contends that defendant's business is not a "retail or service establishment," whereas defendant contends that it is.

58.    A judicial declaration is necessary and proper at this time to resolve this actual controversy between plaintiff and defendant and to establish the respective rights and duties of the parties.

### PRAYER

WHEREFORE, plaintiff prays for a judgment against each defendant, jointly and severally, as follows:

1.    For compensatory damages according to proof;

2.    For declaratory judgment as prayed for in the complaint;

COMPLAINT                                   10

1          3.       For an order requiring defendant to make restitution of all wages, including

2    overtime wages, that were illegally withheld;

3          4.       For interest according to proof;

4          5.       For penalties as alleged herein;

5          6.       For reasonable attorneys' fees; and

6          7.       For such other relief that the Court deems just and proper.

7

8    Dated: July 13, 2007                                          HOFFMAN & LAZEAR

9

10

11
                                                      By:
12                                                            H. TIM HOFFMAN
13                                                            Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                    11

*Exhibit 2*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

JUL 26 2007

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL CITY MORTGAGE CO., a division of NATIONAL CITY
CORPORATION, and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SONIA RENAZCO, individual, on behalf of herself and all others
similarly situated

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>Civil Branch Room 107J Branch<br>600 Administration Drive, Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso):* SCV **241187** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Morgan Mack (Bar # 212659)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550, Oakland, CA 94612

Phone No.: (510) 763-5700
Fax No.: (510) 835-1311

DATE:
*(Fecha)* **JUL 2 6 2007** DENISE L. GORDON     Clerk, by _____, Deputy
                                                *(Secretario)*     JENNY JACKSON   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | ORIGINAL   **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*LexisNexis® Automated California Judicial Council Forms* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Morgan Mack (State Bar # 212659)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550, Oakland, CA 94612
TELEPHONE NO.: (510) 763-5700    FAX NO.: (510) 835-1311

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: 95403
BRANCH NAME: Civil Branch Room 107J

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

JUL 26 2007

BY _____

CASE NAME:
SONIA RENAZCO, ect. v. NATIONAL CITY MORTGAGE, ect. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | SCV 241187  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* 10
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 13, 2007

MORGAN M. MACK
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

ORIGINAL

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonomasuperiorcourt.com | (FOR COURT USE ONLY)<br>COUNTY OF SONOMA<br>JUL 26 2007<br>BY_____<br>DEPUTY CLERK |
|---|---|
| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE<br>☐ Collections (see footnote) | Case number:<br><br>SCV   241187 |

### A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. ___GARY NADLER___ FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.
2. A Case Management Conference has been set at the time and place indicated below:

| Date: **NOV 2 8 2007** | Time: **3:45 pm** | Courtroom: **20** |
|---|---|---|
| Location: | 3035 CLEVELAND AVE STE 200<br>SANTA ROSA CA 95403 | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

---

**Telephone appearances are not allowed.** Case Management Conferences in Collections cases incorporate a settlement conference. Counsel/parties *with settlement authority* are required to appear in person.