# EXHIBIT 1

...

Donna M. Mezias (State Bar No. 111902)
dmezias@jonesday.com
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
NATIONAL CITY BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA RENAZCO,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CITY BANK, and DOES 1 through 100,<br><br>Defendant. | Case No. 07 5947<br><br>DEFENDANT NATIONAL CITY BANK'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT<br><br>[28 U.S.C. §§ 1331, 1332, 1441 AND 1446] |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT National City Bank ("Defendant"), Defendant in the above-titled action, hereby removes this matter to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1331, § 1332, § 1441, and § 1446. The grounds for removal are as follows:

### Compliance with Statutory Requirements

1. On or about July 26, 2007, Plaintiff Sonia Renazco ("Plaintiff") filed a Class Action Complaint in the Superior Court of the State of California for the County of Sonoma, Case No. SCV241187, captioned *Sonia Renazco, individual, on behalf of herself and all others similarly situated, v National City Mortgage Co., a division of National City Corporation, and*

1  *Does 1-100*. Plaintiff improperly named National City Mortgage Co. as the defendant. Defendant was never served with the original complaint.

2. On or about September 28, 2007, Plaintiff filed an Amended Class Action Complaint, correcting the name of the defendant. The Amended Complaint is captioned *Sonia Renazco, individual, on behalf of herself and all others similarly situated, v. National City Bank, and Does 1-100* ("Amended Complaint"). In her Amended Complaint, Plaintiff asserts claims for Restitution for Overtime Wages; Recovery of Overtime Wages; Waiting Time Penalties; Rest and Meal Breaks; Wage Penalties; and Declaratory Relief.

3. In this matter, Plaintiff seeks class action certification of a class that would include "all individuals who were employed by defendant in the position of underwriter, senior underwriter, underwriter trainee, and/or any similar position that is responsible for reviewing home mortgages to consumers…within the State of California during the applicable limitations period." Amended Complaint, ¶ 4.

4. The Summons and Amended Complaint were served on Defendant effective November 6, 2007. Defendant's removal of this action is timely because Defendant is removing this matter within 30 days of Plaintiff's completion of service. *See* 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and correct copies of all process, pleadings, or orders in this action.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Sonoma.

### Intradistrict Assignment

7. Plaintiff filed this case in the Superior Court of California, County of Sonoma; therefore, this case may properly be removed to the Oakland Division or San Francisco Division of the Northern District of California. *See* 28 U.S.C. § 1441(a); Civil L. R. 3-2(c), (d), 3-5(b).

### Jurisdiction

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(b) because Plaintiff's action is founded on a claim or right arising under a law of the United States, the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

9. This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")). Under Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), and (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2). Both requirements are satisfied in this case.

### Federal Question

10. Plaintiff's First Cause of Action asserts that Defendant failed to pay her and the putative class compensation for overtime work in violation of the Fair Labor Standards Act. The Fair Labor Standards Act is a law of the United States and, therefore, the Court has original jurisdiction over Plaintiff's claim. *See* 28 U.S.C. § 1331. This claim is therefore predicated on, and requires interpretation of, federal law.

11. Plaintiff's remaining state law claims are removable as part of the entire case pursuant to 28 U.S.C. § 1441(c).

### Diversity Jurisdiction

12. In this matter, diversity of citizenship exists because the only defendant and at least one proposed class member are citizens of different states. *See* 28 U.S.C. § 1332(d)(2). Specifically, Defendant is a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1). Defendant is a corporation incorporated under the laws of the State of Ohio, with a principal place of business in that State. *See* Declaration of Thomas Plant, ¶ 2, attached as Exhibit B. Plaintiff, on the other hand, alleges that she resides in California. Amended Complaint, ¶ 1. Thus, based upon information and belief, Plaintiff was a citizen of the State of California at the time she filed this action, and still is. Moreover, Plaintiff's putative class consists of persons who are or were

- 3 -

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

employed in the position of "underwriter, senior underwriter, underwriter trainee, and/or any similar position that is responsible for reviewing home mortgages to consumers…<u>within the State of California</u>." *Id.*, ¶ 4 (emphasis added).

13. Further, though Defendant concedes neither liability on Plaintiff's claims nor the propriety or breadth of the class as alleged by Plaintiff, the Amended Complaint places in controversy a sum greater than $5,000,000. *See* 28 U.S.C. § 1332(d). While the Amended Complaint does not allege a specific dollar amount in damages, Plaintiff seeks unpaid overtime wages, penalty wages, waiting time penalties, meal and break penalties, and attorneys' fees on behalf of herself and each of the purported class members. Amended Complaint, ¶¶ 14, 19, 21, 25, 27, 29, 35, 44, 45, 54, 55.

14. The class period commences four years prior to the filing of the complaint. Cf. Cal. Code of Civ. Pro. § 338(a) (establishing a three year statute of limitations for Plaintiff's Failure to Pay Overtime Claim); Cal. Bus. and Prof. Code § 17203 (establishing a four-year statute of limitations applicable to Plaintiff's Violation of Business & Professions Code claim). Since October 2003, Defendant employed approximately 194 individuals in exempt, underwriter, senior underwriter, underwriter trainee, and similar positions responsible for reviewing home mortgages for consumers in the State of California. *See* Declaration of Martha Heady Messman ("Messman Dec."), attached as Exhibit C, at ¶ 4. Of these 194 individuals, approximately 135 are former employees. *Id.* at ¶ 4. Since October 13, 2003, the average tenure of these employees was approximately 65 weeks. *Id.* at ¶ 4. The lowest average annual salary of the purported class members since October 2003 was approximately $25,000.00, and the highest approximately $141,234.00. *Id.* at ¶ 4. Thus, assuming that these individuals averaged even four hours per week of uncompensated overtime during their tenure, and using the midpoint in the salary range of $83,117.00 the amount in controversy for the overtime claim in this matter would be $3,023,373.60.[1] In addition, the meal period and rest break claims place in controversy

---

[1] The amount in controversy with respect to the unpaid overtime claim was calculated as follows:

Step 1: Divide the purported class member's approximate midpoint salary by 2080 hours to derive the average regular rate of pay ($39.96) (*see* Cal. Lab. C. § 515(d)); then multiply the average regular rate by 1.5 to calculate the average overtime rate of pay:

approximately $1,007,791.20, assuming one missed meal period and one missed rest break per week over the average tenure since October 2003.[2] Finally, the claim for waiting time penalties places in controversy approximately $1,323,475.20.[3]

15. In sum, the amount in controversy, as detailed in paragraph 14, is approximately $5,354,640.00 ($3,023,373.60 + $1,007,791.20 + $1,323,475.20). This does not take into account the penalties alleged under the Labor Code Private Attorneys General Act of 2004, nor does it take into account attorneys' fees.

16. Further, the regular rate used to calculate the potential amount in controversy set forth in paragraph 14 does not factor in commission or bonus payments, which, if added to the average salary, would increase the regular rate and thus the calculation of the amount in controversy. In short, this matter plainly exceeds the minimum amount-in-controversy requirement for CAFA diversity jurisdiction.

17. In establishing the amount in controversy, Defendant does not concede that Plaintiff ever worked more than forty hours per workweek or more than eight hours per day or that she is entitled to overtime pay. Nor does Defendant concede that any or all of its current or

---

(continued...)

$83,117.00 ÷ 2080 x 1.5 = $59.94

Step 2: Multiply the average overtime rate of pay by four hours of overtime and then by the average tenure for the purported class during the class period (65 weeks) to calculate the average overtime amount per employee; then multiply that amount by the number of members in the purported class:

$59.94 x 4 x 65 x 194 = $3,023,373.60.

[2] The amount in controversy with respect to the meal period and rest break claims was calculated as follows:

Multiply the number of members in the purported class by the regular rate of pay (as determined in n.1 above); then by the number of violations per week (two, one meal period violation and one rest break violation) by the average tenure over the class period:

194 x $39.96 x 2 x 65 = $1,007,791.20

[3] The amount in controversy with respect to the waiting time penalty claim was calculated as follows:

Multiply the number of former employees by the regular rate of pay (as determined in n.1 above); then by 8 hours and 30 days (See Cal. Lab. Code § 203):

135 x $39.96 x 8 x 30.

former California underwriters, senior underwriters, underwriter trainees, and/or employees in any similar positions responsible for reviewing home mortgages to consumers California are appropriately included in the putative class.

WHEREFORE, the above-titled action is hereby removed to this Court from the Superior Court of the State of California, County of Sonoma.

Dated: November 26, 2007

Respectfully submitted,

Jones Day

By: *Donna M. Mezias*
Donna M. Mezias
Counsel for Defendant
NATIONAL CITY BANK

SFI-574040v1