*Exhibit 3*

H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

ENDORSED
FILED

SEP 28 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SONOMA

| | |
|---|---|
| SONIA RENAZCO, individual, on behalf of herself and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>NATIONAL CITY BANK, and DOES 1 through 100, )<br><br>Defendants. ) | CASE NO. SCV241187<br><br>**AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Restitution of Overtime Wages (B&P 17200)<br>2. Recovery of Overtime Wages (Labor Code 1194).<br>3. Waiting Time Penalties (Labor Code 203)<br>4. Rest and Meal Breaks (Labor Code 226.7)<br>5. Wage Penalties (Labor Code 210 and 226.3)<br>6. Declaratory Relief |

BY FAX

Comes now Plaintiff SONIA RENAZCO (hereinafter "Plaintiff"), on behalf of herself

and all others similarly situated, and alleges:

**General Allegations**

COMPLAINT                    1

10353853.tif - 10/8/2007 2:14:44 PM

OCT-08-2007(MON) 14:09    ONE LEGAL, INC.                    (FAX)1+    +873+0984            P. 005/018

1      1.     Plaintiff SONIA RENAZCO is an individual residing in the State of California.

2      2.     Defendant NATIONAL CITY BANK, is a mortgage lender who does business in

3    California.

4      3.     Plaintiff is unaware of the names and capacities of those defendants sued as

5    DOES 1 through 50 but will amend this complaint when that information becomes known.

6    
7    Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the

8    defendants, including the DOE defendants, was the officer, director, employee, agent,

9    representative, alter ego or co-conspirator of each of the other defendants, and in engaging in the

10   conduct alleged herein, was acting in the course and scope of, and in furtherance of, such

11   relationship.  Unless otherwise specified, plaintiff will refer to all defendants collectively as

12   "defendant" and each allegation pertains to each defendant.

13   
14                          CLASS ACTION ALLEGATIONS

15     4.     Class Definition: Plaintiff worked for defendant as an underwriter, responsible for

16   reviewing home mortgage loan applications from consumers.  Plaintiff seeks to bring this lawsuit

17   as a class action pursuant to Code of Civil Procedure section 382.   The class that plaintiff seeks

18   to represent is defined as follows: "All individuals who were employed by defendant in the

19   position of underwriter, senior underwriter, underwriter trainee, and/or any similar position that

20   is responsible for reviewing home mortgages to consumers ('Covered Position'), within the State

21   of California during the applicable limitations period."

22   
23     A.     "Subclass A" consists of all class members who, while working in a

24   Covered Position in California during the applicable limitations period, did not receive a "salary"

25   of at least $455 per week (or $155 per week before August 23, 2004).  "Salary" means a

26   predetermined amount of wages each pay period without reduction due to the quantity or quality

27   of the employee's work.  A "commission" is not a salary.

28   

COMPLAINT                              2                   10353853.tif - 10/8/2007 2:14:44 PM

B.    "Subclass B" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, received a salary of less than twice the California minimum wage and either (1) had total earnings that were less than 1.5 times the California minimum wage, or (2) less than half of their earnings represented commissions.

C.    "Subclass C" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, were paid a salary of at least twice the minimum wage.

D.    "Subclass D" consists of all members of Subclass A, Subclass B and/or Subclass C who, as of the date that this lawsuit was filed, were no longer employed by defendant.

5.    Ascertainable Class.  The proposed class and each subclass are ascertainable in that their members can be identified and located using information contained in defendant's payroll and personnel records.

6.    Common Questions of Fact and Law.  This lawsuit is suitable for class treatment because common questions of fact and law predominate over individual issues.  Common questions include, but are not limited to, the following: (1) whether the class members qualify for exempt status under the administrative exemption; (2) whether defendant's business qualifies as a "retail or service establishment"; (3) the extent to which defendant analyzed the duties and responsibilities of the class members before classifying them as exempt; (4) the number of hours per week and per day class members are expected to work; (5) defendant's expectations as to the duties and responsibilities of the class members, and whether these expectations are reasonable under the circumstances; (6) whether the various tasks performed by the class members qualify as exempt or non-exempt tasks; and (7) whether defendant's withholding of overtime pay and deduction from wages was willful under the meaning of Labor Code section 203.

COMPLAINT                                    3

7.    <u>Numerosity</u>.  The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class members is unknown to plaintiff at this time, plaintiff is informed and believes that the entire class consists of at least 100 members, and that each subclass is so numerous that joinder of the members would be impracticable.

8.    <u>Typicality and Adequacy</u>.  Plaintiff's claims are typical of the claims of the class members.  Plaintiff suffered an injury similar to that of the other class members as a result of defendant's common practices regarding the payment of wages.  In addition, plaintiff will fairly and adequately protect the interests of the members of the class.  Plaintiff has no interests that are adverse to the interests of the other class members.

9.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the class is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.  Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the availability of fewer remedies, and the fact that the losing party has the right to a trial de novo in the Superior Court.

## FIRST CAUSE OF ACTION

### (Restitution of Overtime Wages - On Behalf of Subclass A)

10.    Plaintiff incorporates the allegations contained in paragraphs 1 through 9.

11.    The Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.  This court has concurrent jurisdiction over claims involving the FLSA pursuant to 29 U.S.C. section 216(b).

12.    Subclass A members regularly work more than 40 hours per week, but are not paid overtime.  Subclass A members are not "exempt" under the FLSA, because *inter alia*, they are not paid a salary of at least $455 per week (or $155 per week prior to August 23, 2004), and defendant's business does not qualify as a "retail or service establishment" under 29 U.S.C. section 207(I) and 29 C.F.R. sections 779.316 and 779.317.

13.    Defendant has committed an act of unfair competition by not paying the required overtime pay to members of Subclass A.

14.    Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass A, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### (Restitution of Overtime Wages - On Behalf of Subclass B)

15.    Plaintiff incorporates the allegations contained in paragraphs 1 through 14.

16.    Wage Order 4-2001, 8 C.C.R. section 11040, which applies to defendant's business, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day.

COMPLAINT                                     5                          10353853.tif - 10/8/2007 2:14:44 PM

OCT-08-2007(MON) 14:10    ONE LEGAL, INC.    (FAX)1-   +873+0984    P. 009/018

17.    Subclass B members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime.  Subclass B members are not exempt because, *inter alia*, they are not paid a monthly salary equivalent to at least twice the minimum wage and they do not qualify for the commissioned sales exemption under Wage Order 4-2001, section 3(D).

18.    Defendant has committed an act of unfair competition by not paying the required overtime pay to the members of Subclass B.

19.    Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass B, in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

### (Labor Code section 1194 - On Behalf of Subclass B)

20.    Plaintiff incorporates the allegations contained in paragraphs 1 through 19.

21.    Pursuant to California Labor Code section 1194, plaintiff and the Subclass B members are entitled to recover their unpaid overtime compensation, plus attorneys' fees and costs, in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

### (Restitution of Overtime Wages - On Behalf of Subclass C)

22.    Plaintiff incorporates the allegations contained in paragraphs 1 through 21.

23.    Subclass C members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime.  Subclass C members are not exempt because, *inter alia*, they are production workers, they do not spend the majority of their time on exempt tasks, and they do not customarily and regularly exercise discretion and independent judgment in matters of consequence to defendant's business.

COMPLAINT                                          6

10353853.tif - 10/8/2007 2:14:44 PM

24.    Defendant has committed an act of unfair competition by not paying the required overtime pay to the members of Subclass C.

25.    Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass C, in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

### (Labor Code section 1194 - On Behalf of Subclass C)

26.    Plaintiff incorporates the allegations contained in paragraphs 1 through 25.

27.    Pursuant to California Labor Code section 1194, plaintiff and the Subclass C members are entitled to recover their unpaid overtime compensation, plus attorneys' fees and costs, in an amount to be proved at trial.

## SIXTH CAUSE OF ACTION

### (Labor Code Section 203 - Waiting Time Penalties - By and on Behalf of Subclass D)

28.    Plaintiff incorporates the allegations contained in paragraphs 1 through 27.

29.    Defendant willfully and intentionally failed to pay plaintiff and the other Subclass D members all of the wages that they were due by the deadlines imposed under Labor Code sections 201 and 202. Accordingly, plaintiff and the Subclass D members are entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at trial.

## SEVENTH CAUSE OF ACTION

### (Labor Code § 2699(a) - PAGA - and Labor Code § 226.7 - Rest and Meal Breaks - By and On Behalf of Subclasses A, B and C)

30.    Plaintiff incorporates the allegations contained in paragraphs 1 through 29.

31.    California Labor Code section 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

COMPLAINT

7

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

32.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

33.    Plaintiff therefore brings this action on behalf of herself and all other current and former employees.

34.    Plaintiff has complied with the notice provisions of Labor Code section 2699.3.

35.    Defendant failed to provide the members of subclasses A, B and C with all of their required rest and meal breaks. As a result, under Labor Code section 226.7, plaintiff and the members of Subclasses A, B and C are entitled to one additional hour's pay of each day that a rest or meal break was missed, in an amount to be proved at trial.

## EIGHTH CAUSE OF ACTION

(Labor Code § 2699(a) - PAGA - and Labor Code §§ 204 and 210 - Accurate Wages - By and On Behalf of Subclasses A, B and C)

36.    Plaintiff incorporates the allegations contained in paragraphs 1 through 35.

37.    California Labor Code section 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

38.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

COMPLAINT                                    8

10353853.tif - 10/8/2007 2:14:44 PM

violator and against whom one or more of the alleged violations was committed.

39.    Plaintiff therefore brings this action on behalf of herself and all other current and former employees.

40.    Plaintiff has complied with the notice provisions of Labor Code section 2699.3.

41.    Labor Code sections 204 and 210 require accurate payment of wages.

42.    By the conduct alleged above, Defendant has failed to accurately pay wages, and therefore the penalty provisions of Labor Code § 210 apply.

43.    The civil penalties provided for in these sections are in addition to any other civil or criminal penalty provided by law.

44.    Therefore, Plaintiff demands penalties under the Labor Code Private Attorneys General Act of 2004 in the amounts specified in Labor Code § 210.

45.    Furthermore, Plaintiff demands penalties under §2699(f) for violations of the Labor Code for which there are no prescribed civil penalties.

### NINTH CAUSE OF ACTION

(Labor Code § 2699(a) - PAGA - and Labor Code §§ 226 and 226.3 - Accurate Pay Stubs - By and On Behalf of Subclasses A, B and C)

46.    Plaintiff incorporates the allegations contained in paragraphs 1 through 45.

47.    California Labor Code section 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

48.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

COMPLAINT                                    9

49. Plaintiff therefore brings this action on behalf of herself and all other current and former employees.

50. Plaintiff has complied with the notice provisions of Labor Code section 2699.3.

51. Labor Code sections 226 and 226.3 require accurate pay stubs.

52. By the conduct alleged above, Defendant has failed to provide accurate pay stubs, and therefore the penalty provisions of Labor Code § 226.3 apply.

53. The civil penalties provided for in these sections are in addition to any other civil or criminal penalty provided by law.

54. Therefore, Plaintiff demands penalties under the Labor Code Private Attorneys General Act of 2004 in the amounts specified in Labor Code § 226.3.

55. Furthermore, Plaintiff demands penalties under §2699(f) for violations of the Labor Code for which there are no prescribed civil penalties.

## TENTH CAUSE OF ACTION

### (Declaratory Relief By Plaintiff Only)

56. Plaintiff incorporates the allegations contained in paragraphs 1 through 55.

57. An actual controversy has arisen and continues to exist between plaintiff and defendant concerning whether defendant's business qualifies as a "retail or service establishment" under the FLSA. Plaintiff contends that defendant's business is not a "retail or service establishment," whereas defendant contends that it is.

58. A judicial declaration is necessary and proper at this time to resolve this actual controversy between plaintiff and defendant and to establish the respective rights and duties of the parties.

## PRAYER

WHEREFORE, plaintiff prays for a judgment against each defendant, jointly and severally, as follows:

1. For compensatory damages according to proof;

2. For declaratory judgment as prayed for in the complaint;

COMPLAINT

10

10353853.tif - 10/8/2007 2:14:44 PM

3.      For an order requiring defendant to make restitution of all wages, including overtime wages, that were illegally withheld;

4.      For interest according to proof;

5.      For penalties as alleged herein;

6.      For reasonable attorneys' fees; and

7.      For such other relief that the Court deems just and proper.

Dated: September 28, 2007          HOFFMAN & LAZEAR

By: _____
H. TIM HOFFMAN
Attorneys for Plaintiff

COMPLAINT          11

10353853.tif - 10/8/2007 2:14:44 PM

*Exhibit 4*

1   H. Tim Hoffman, SBN 49141
    Arthur W. Lazear, SBN 83603
2   **HOFFMAN & LAZEAR**
    180 Grand Avenue, Suite 1550
3   Oakland, CA 94612
    Telephone: (510) 763-5700
4
    Attorneys for Plaintiff
5

6

7

8   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF SONOMA

10  SONIA RENAZCO, individual, on behalf of      )
    herself and all others similarly situated,    )   **CASE NO.  SCV241187**
11                                                )
                    Plaintiffs,                    )
12         v.                                      )
                                                   )
13  NATIONAL CITY MORTGAGE CO., a                  )   **PROOF OF SERVICE**
    division of NATIONAL CITY                      )
14  CORPORATION, and DOES 1 through 100,           )
                                                   )
15                  Defendants.                    )
                                                   )
16                                                 )
                                                   )
17                                                 )

18

19  I, Shola Ogunlana, declare:

20         I am, and was at the time of the service mentioned in this declaration, over the age of 18 years
    and am not a party to this cause.  My business address is HOFFMAN & LAZEAR, 180 Grand
21  Avenue, Suite 1550, Oakland, California 94612, Alameda County, California. On October 1, 2007,
    I served the following Documents:
22

23         **AMENDED SUMMONS**

24
           **BY MAIL:**  By placing the document(s) listed above in a sealed envelope with postage
25  thereon fully prepaid, in the United States mail at Oakland, California addressed as set
    forth below.
26
           **FEDERAL EXPRESS:** By placing the documents(s) listed above in FEDERAL
27  EXPRESS drop box facility located closest to my office in Oakland, California, in a
    sealed FEDERAL EXPRESS envelope, for 5:30 p.m. pickup and overnight delivery. The
28  FEDERAL EXPRESS request form was completed in a manner so that postage was

1    prepaid, and contained instructions requesting delivery by not later than 5:00 pm the
     following business day, to the person(s) at the address(es) set forth below.
2

3        EMAIL: By transmitting via email based on a court order or an agreement of the parties
     to accept service by e-mail or electronic transmission, I caused the documents to be sent
4    to the persons at the e-mail addresses listed below.

5
    ✖    BY HAND DELIVERY: By hand delivering the document(s) listed above to the
6        person(s) at the address(es) set forth below.

7    Donna M. Mezias
     JONES DAY
8    555 California Street
     26th Floor
9    San Francisco, CA 94104

10       I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
11

12   Dated: October 1, 2007

13                                         Shola Ogunlana

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Exhibit 5*

**SUM-100**

# AMENDED SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL CITY BANK, and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SONIA RENAZCO, individual, on behalf of herself and all others
similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**

OCT 0 3 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>Civil Branch Room 107J Branch<br>600 Administration Drive, Santa Rosa, CA 95403 | **CASE NUMBER:**<br>*(Número del Caso):*   SCV241187 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Morgan Mack (Bar # 212659)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550, Oakland, CA 94612

Phone No.: (510) 763-5700
Fax No.: (510) 835-1311

DATE:     OCT 0 3 2007     DENISE L. GORDON     Clerk, by  JENNIFER ELLIS , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* September 1, 2008

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

1   H. Tim Hoffman, SBN 49141
     Arthur W. Lazear, SBN 83603
2   **HOFFMAN & LAZEAR**
     180 Grand Avenue, Suite 1550
3   Oakland, CA 94612
     Telephone: (510) 763-5700

4

     Attorneys for Plaintiff

5

6

7

8   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF SONOMA

10   SONIA RENAZCO, individual, on behalf of   )
      herself and all others similarly situated,    )  **CASE NO.  SCV241187**
11                                )
               Plaintiffs,        )
12         v.                      )
                               )
13   NATIONAL CITY MORTGAGE CO., a     )  **PROOF OF SERVICE**
      division of NATIONAL CITY          )
14   CORPORATION, and DOES 1 through 100,  )
                               )
15             Defendants.     )
                               )
16                                )
                               )
17                                )

18

19   I, Shola Ogunlana, declare:

20       I am, and was at the time of the service mentioned in this declaration, over the age of 18 years and am not a party to this cause.  My business address is HOFFMAN & LAZEAR, 180 Grand
21   Avenue, Suite 1550, Oakland, California 94612, Alameda County, California. On October 1, 2007, I served the following Documents:

22

23   **AMENDED SUMMONS**

24

25       BY MAIL:  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below.

26

27       FEDERAL EXPRESS: By placing the documents(s) listed above in FEDERAL EXPRESS drop box facility located closest to my office in Oakland, California, in a sealed FEDERAL EXPRESS envelope, for 5:30 p.m. pickup and overnight delivery. The
28   FEDERAL EXPRESS request form was completed in a manner so that postage was

prepaid, and contained instructions requesting delivery by not later than 5:00 pm the following business day, to the person(s) at the address(es) set forth below.

EMAIL: By transmitting via email based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.

**✖**     BY HAND DELIVERY: By hand delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Donna M. Mezias
JONES DAY
555 California Street
26th Floor
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 1, 2007

Shola Ogunlana



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
## *Civil Division*

600 Administration Drive, Room 107-J, Santa Rosa, California  95403 (707) 521-6500
http:\\www.SonomaSuperiorCourt.com

DATE: _10-2-07_

Case Number: _SCU-241187_

TO: _Morgan Mack_
_Via Box 67_

Case Name: _Renazco v_
_National City Mortgage_

Your Proof(s) of Service of Process is/are being returned because:

☑ **+ Summons**

☑ Pursuant to local rules, name usage within a case must be consistent.  Please refer to the initial pleading for the correct and complete name of the defendant.

☑ There is no defendant by this name in this action.  If you intend to serve this person as a Doe, you must specifically state "served as Doe #" in item 1.

☒ Service cannot be accomplished until the document is actually filed.  The document you served is not yet filed with this court. — *Amended Summons*

☑ In order to affect proper service, you must serve the complaint/petition and ADR packet, in addition to the Summons.

☑ One proof of service must be submitted for EACH defendant, separately.  You cannot prove service upon multiple defendants with one form.

☑ **Personal** service must be served on the named defendant or a designated agent for service if the defendant is a business.

☑ **Substitute Service** must give identifying information regarding the person served, specifically a name - or if a name was unobtainable a full description.

☑ Only one form of service can be used.

☑ The date, time and place of service must be completed.

☑ You must have a court order to serve by posting or publication.

☑ Service must be accomplished by someone over the age of 18 and not a party to the action.  The person who has signed this document appears to be related to this case.

☑ Information regarding the server must be completed.

☑ The declaration under penalty of perjury must be dated.

☒ This action must be submitted on the adopted Judicial Council Form _PS-010_

☑ You must use the current version of this form, the form you submitted is obsolete.

☒ Other: _No proof of Service was filed for the original complaint.  We cannot accept proof of Service - by mail - for the Amended Complaint. — The New Summons must State "Amended"_  **Personal or Sub.**

*Exhibit 6*

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>MORGAN M. MACK (SB #212659)<br>HOFFMAN & LAZEAR<br>180 Grand Avenue, Suite 1550<br>Oakland, CA 94612<br>TELEPHONE NO.: 510-763-5700    FAX NO. *(Optional)*: 510-835-1311<br>E-MAIL ADDRESS *(Optional)*: mmm@hoffmanandlazear.com<br>ATTORNEY FOR *(Name)*: Plaintiff, SONIA RENAZCO | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS: 600 Administration Drive
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: Civil Branch Room 107J

PLAINTIFF/PETITIONER: SONIA RENAZCO

DEFENDANT/RESPONDENT: NATIONAL CITY BANK

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>SCV241187 |
|---|---|

TO *(insert name of party being served)*: DONNA MEZIAS ON BEHALF OF NATIONAL CITY BANK

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: OCTOBER 17, 2007

MORGAN M. MACK
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:
   AMENDED SUMMONS AND AMENDED COMPLAINT

*(To be completed by recipient)*:

Date this form is signed: November 6, 2007

Donna Mezias for National City Bank
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Counsel for National City Bank,

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]    NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL    Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com