Donna M. Mezias (State Bar No. 111902)
dmezias@jonesday.com
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
NATIONAL CITY BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SONIA RENAZCO,** | Case No. **C 07-05947 PJH** |
| **Plaintiff,** | **DEFENDANT NATIONAL CITY BANK'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |
| v. | |
| **NATIONAL CITY BANK, and DOES 1 through 100,** | |
| **Defendant.** | |

Defendant National City Bank ("Defendant"), by and through its attorneys, Jones Day, hereby answers the Amended Complaint, filed on behalf of Sonia Renazco ("Plaintiff") as follows:

**GENERAL ALLEGATIONS**

1. Defendant is without information sufficient to for a belief as to the truth of the allegations regarding Plaintiff's residence, and therefore Defendant denies the same. Defendant denies any remaining allegations contained in paragraph 1.

2. Defendant admits only that it is a national banking association doing business in California. Defendant denies the remaining allegations in paragraph 2.

3. Defendant admits only that Plaintiff purports to bring this action against entities she has labeled as "Does 1 through 50." Defendant denies the remaining allegations in paragraph 3.

## CLASS ACTION ALLEGATIONS

4. Defendant admits only that it employed Plaintiff in an underwriting position and that Plaintiff purports to bring this matter as a class action pursuant to Code of Civil Procedure section 382. Defendant denies that this matter may be maintained as a class action, and it denies the remaining allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

## FIRST CAUSE OF ACTION

10. Defendant incorporates and restates its responses to the allegations contained in paragraphs 1 through 9 as if fully rewritten herein.

11. Defendant states that paragraph 11 sets forth legal conclusions to which no response is required.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant admits only that Plaintiff seeks certain relief. Defendant denies that Plaintiff, or any other person, is entitled to relief, and denies any remaining allegations in paragraph 14.

## SECOND CAUSE OF ACTION

15. Defendant incorporates and restates its responses to the allegations contained in paragraphs 1 through 14 as if fully rewritten herein.

16. Defendant states that paragraph 16 sets forth legal conclusions to which no response is required.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits only that Plaintiff seeks certain relief. Defendant denies that Plaintiff, or any other person, is entitled to relief, and denies any remaining allegations in paragraph 19.

### THIRD CAUSE OF ACTION

20. Defendant incorporates and restates its responses to the allegations contained in paragraphs 1 through 19 as if fully rewritten herein.

21. Defendant denies the allegations in paragraph 21.

### FOURTH CAUSE OF ACTION

22. Defendant incorporates and restates its responses to the allegations contained in paragraphs 1 through 21 as if fully rewritten herein.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant admits only that Plaintiff seeks certain relief. Defendant denies that Plaintiff, or any other person, is entitled to relief, and denies any remaining allegations in paragraph 25.

### FIFTH CAUSE OF ACTION

26. Defendant incorporates and restates its responses to the allegations contained in paragraphs 1 through 25 as if fully rewritten herein.

27. Defendant denies the allegations in paragraph 27.

### SIXTH CAUSE OF ACTION

28. Defendant incorporates and restates its responses to the allegations contained in paragraphs 1 through 27 as if fully rewritten herein.

29. Defendant denies the allegations in paragraph 29.

### SEVENTH CAUSE OF ACTION

30. Defendant incorporates and restates its responses to the allegations contained in paragraphs 1 through 29 as if fully rewritten herein.

31. Defendant states that paragraph 31 sets forth legal conclusions to which no response is required.

32. Defendant states that paragraph 32 sets forth legal conclusions to which no response is required.

33. Defendant admits only that Plaintiff purports to bring this matter on behalf of herself and other current and former employees. Defendant denies that this matter may be maintained as a class action, and it denies the remaining allegations in paragraph 33.

34. Defendant states that paragraph 34 sets forth legal conclusions to which no response is required.

35. Defendant denies the allegations in paragraph 35.

## EIGHTH CAUSE OF ACTION

36. Defendant incorporates and restates its responses to the allegations contained in paragraphs 1 through 35 as if fully rewritten herein.

37. Defendant states that paragraph 37 sets forth legal conclusions to which no response is required.

38. Defendant states that paragraph 38 sets forth legal conclusions to which no response is required.

39. Defendant admits only that Plaintiff purports to bring this matter on behalf of herself and other current and former employees. Defendant denies that this matter may be maintained as a class action, and it denies the remaining allegations in paragraph 39.

40. Defendant states that paragraph 40 sets forth legal conclusions to which no response is required.

41. Defendant states that paragraph 41 sets forth legal conclusions to which no response is required.

42. Defendant denies the allegations of paragraph 42.

43. Defendant states that paragraph 43 sets forth legal conclusions to which no response is required.

1  44.   Defendant admits only that Plaintiff seeks certain relief.  Defendant denies that
2  Plaintiff, or any other person, is entitled to relief, and denies any remaining allegations in
3  paragraph 44.

4  45.   Defendant admits only that Plaintiff seeks certain relief.  Defendant denies that
5  Plaintiff, or any other person, is entitled to relief, and denies any remaining allegations in
6  paragraph 45.

## NINTH CAUSE OF ACTION

8  46.   Defendant incorporates and restates its responses to the allegations contained in
9  paragraphs 1 through 45 as if fully rewritten herein.

10  47.   Defendant states that paragraph 47 sets forth legal conclusions to which no
11  response is required.

12  48.   Defendant states that paragraph 48 sets forth legal conclusions to which no
13  response is required.

14  49.   Defendant admits only that Plaintiff purports to bring this matter on behalf of
15  herself and other current and former employees.  Defendant denies that this matter may be
16  maintained as a class action, and it denies the remaining allegations in paragraph 49.

17  50.   Defendant states that paragraph 50 sets forth legal conclusions to which no
18  response is required.

19  51.   Defendant states that paragraph 51 sets forth legal conclusions to which no
20  response is required.

21  52.   Defendant denies the allegations in paragraph 52.

22  53.   Defendant states that paragraph 53 sets forth legal conclusions to which no
23  response is required.

24  54.   Defendant admits only that Plaintiff seeks certain relief.  Defendant denies that
25  Plaintiff, or any other person, is entitled to relief, and denies any remaining allegations in
26  paragraph 54.

1  55. Defendant admits only that Plaintiff seeks certain relief. Defendant denies that Plaintiff, or any other person, is entitled to relief, and denies any remaining allegations in paragraph 55.

### TENTH CAUSE OF ACTION

56. Defendant incorporates and restates its responses to the allegations contained in paragraphs 1 through 55 as if fully rewritten herein.

57. Defendant denies the allegations in paragraph 57.

58. Defendant admits only that Plaintiff seeks certain relief. Defendant denies that Plaintiff is entitled to relief, and denies any remaining allegations in paragraph 58.

### PRAYER

In response to the "Wherefore" paragraphs 1 through 7 commencing on page 10 of the Amended Complaint, Defendant admits only that Plaintiff seeks certain specified relief. Defendant denies that Plaintiff is entitled to any of the relief requested in paragraphs 1 through 7.

### DEFENSES

#### First Defense

Plaintiff's claims are barred in whole or in part by California Labor Code section 2699(h).

#### Second Defense

The Amended Complaint and each and every cause of action alleged therein is barred since, at all material times, Plaintiff and the putative class members were exempt from California overtime compensation and meal and rest break requirements because they were employed in an outside sales, inside sales, executive, administrative and/or other exempt capacity.

#### Third Defense

Defendant acted in good faith and had reasonable grounds for believing that it was in compliance with the California Labor Code, the wage orders of the Industrial Welfare Commission, as well as all other applicable federal and state wage and hour laws.

#### Fourth Defense

Plaintiff's attempt to pursue this case as a class action fails because an independent and individual analysis of Plaintiff's claims and the claims of each potential class member and each of

Defendant's defenses is required.

### Fifth Defense

Plaintiff is not entitled to class action certification under Fed.R.Civ.P. 23 because Plaintiff cannot satisfy the requirements for bringing a class action and Plaintiff cannot adequately represent the interests of potential class members.

### Sixth Defense

Plaintiff is not entitled to certification because the purported class action, as defined in the Amended Complaint, is overly broad and patently unmanageable.

### Seventh Defense

Plaintiff is not entitled to class certification because she fails to define the class she purports to represent clearly and/or objectively.

### Eighth Defense

Plaintiff's attempt to pursue this case as a class action violates Defendant's constitutional rights to a jury trial and to due process.

### Ninth Defense

Plaintiff's claims and claims of putative class members are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

### Tenth Defense

Plaintiff's claims and the claims of putative class members are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violation of direct orders of their supervisors.

### Eleventh Defense

Plaintiff's claims and the claims of putative class members are barred, in whole or in part, to the extent that they are superseded or preempted by the FLSA.

### Twelfth Defense

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure §§ 338, 339, 340 and California Business and Professional Code § 17208.

### Thirteenth Defense

Plaintiff's claims, and the claims of any putative class members, are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or release.

### Fourteenth Defense

To the extent that certain or all of Plaintiff's causes of action rely in any part on statutory amendments or additions during the class period, those amendments and additions are not retroactive and bar Plaintiff's claims in whole or in part.

### Fifteenth Defense

Plaintiff is not entitled to any penalty award under Sections 203, 226, 226.7, 515, or 2699 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of California Labor Code §§ 200, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

### Sixteenth Defense

The imposition of statutory penalties would violate Defendant's rights, including the right to due process and equal protection, under the California and United States Constitutions and other laws.

### Seventeenth Defense

The claims for waiting time penalties should be denied because a good faith dispute exists as to whether any wages are due.

### Eighteenth Defense

Plaintiff lacks standing under Business and Professions Code Section 17200 *et seq.*, because neither she nor the alleged class has suffered any competitive injury.

### Nineteenth Defense

California Business and Professions Code §§ 17203 and 17204 violate the Due Process Clauses of the United States and California Constitutions: (a) to the extent that the standards of liability under those statutes are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest; and (b) to the

extent they authorize the award of restitution or damages based upon asserted interests or injuries of the general public in violation of the Excessive Fines Clause of the United States and California Constitutions.

Dated: December 3, 2007

Respectfully submitted,

Jones Day

By:  /S/ Catherine S. Nasser
     Catherine S. Nasser

Counsel for Defendant
NATIONAL CITY BANK

SFI-574659v1

DEFENDANT'S ANSWER TO COMPLAINT

- 9 -

Case No. C 07-05947 PJH