1  Donna M. Mezias (State Bar No. 111902)
   dmezias@jonesday.com
2  Catherine S. Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   NATIONAL CITY BANK
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 SONIA RENAZCO,                          Case No. CV-07-5947 PJH

12          Plaintiff,                     JOINT CASE MANAGEMENT
                                           STATEMENT
13    v.
                                           Date: February 28, 2008
14 NATIONAL CITY BANK, and DOES 1          Time: 2:30 p.m.
   through 100,                            Judge: Hon. Phyllis J. Hamilton
15                                                Courtroom 3, 17th Floor
           Defendant.
16

17          Plaintiff Sonia Renazco ("Plaintiff") and Defendant National City Bank ("National City"

18 or "Defendant"), through their respective counsel, have conferred regarding case management

19 issues, as required by Federal Rule of Civil Procedure 26(f), Local Civil Rule 16-9, and this

20 Court's November 25, 2007 Order Setting Initial Case Management Conference and ADR

21 Deadlines.  The parties hereby submit the following Joint Case Management Statement to this

22 Court.

23          1.       Jurisdiction and Service.

24          This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

25 § 1332(d).  There are no issues regarding jurisdiction or venue, and National City, the only named

26 defendant in this matter, has been served.

27

28

**2.     Facts.**

Between August 2005 and May 2006, Defendant employed Plaintiff in an underwriting position in California.  During her tenure as an underwriter, Defendant classified Plaintiff as an exempt employee for purposes of California wage laws.  Plaintiff filed a Complaint alleging, on behalf of herself and a putative class, that Defendant violated various California wage laws, including failure to pay overtime, failure to provide meal periods and rest breaks, and failure to provide accurate wage statements.  Plaintiff contends that she was misclassified as exempt. Defendant contends that Plaintiff and the individuals that she seeks to represent are not, and have not been, misclassified as exempt.  Defendant further contends that Plaintiff, and the current and former National City employees whom she seeks to represent, fit within one or more of the exemptions to overtime requirements set forth in applicable California wage laws.

**3.     Legal Issues.**

A.     <u>Plaintiff's Statement</u>

The following are the principal legal issues that Plaintiff contends are at issue in this case:

1.     Whether Plaintiff and the putative class members were properly classified as exempt from overtime compensation under the FLSA and California law.

2.     Whether the tasks performed by Plaintiff and the putative class members were exempt or nonexempt tasks.

3.     Whether Plaintiff and the putative class members were authorized and permitted to take rest breaks required under California law.

4.     Whether Plaintiff and the putative class members were allowed to take meal breaks required under California law and whether an employer must ensure that such breaks are taken.

5.     Whether Plaintiff and the putative class members received timely and accurate payments of their wages.

6.     Whether Plaintiff and the putative class members received accurate wage statements.

7.     Whether there was proper compliance with applicable legal requirements

1    regarding wage and hour records related to Plaintiff and the putative class members.

2              8.    Whether Plaintiff and the putative class members are entitled to civil

3    penalties under the California Labor Code.

4              9.    Whether Plaintiff and the putative class members worked more than 40

5    hours per week.

6

7         B.    Defendant's Statement

8         The following are the principal legal issues that National City contends are at issue in this

9    case:

10              1.    Whether Plaintiff and/or the putative class were misclassified as exempt

11   from overtime requirements under relevant state law.

12              2.    Whether, as a result of any alleged misclassification, Plaintiff and/or the

13   putative class were not paid all amounts due under law.

14              3.    Whether Plaintiff and/or the putative class can recover for missed meal

15   periods and/or rest breaks under California law.

16              4.    Whether Plaintiff and/or the putative class can recover for delay in

17   payment of wages under California law.

18              5.    Whether certain of Plaintiff's claims are barred by California Labor Code

19   section 2699(h).

20              6.    Whether the pay stubs National City provided to Plaintiff and/or the

21   putative class during the pay periods at issue in this case comply with the requirements of

22   California Labor Code section 226.

23              7.    Whether Plaintiff can meet the prerequisites for certification under Rule 23

24   for the various sub-classes she alleges.

25              8.    Whether adjudication of the claims of the potential class members would

26   require an independent and individualized determination of each employee's claim barring class

27   certification.

28

Case No. CV-07-5947 PJH
JOINT CASE MANAGEMENT STATEMENT

**4.    Motions.**

The parties respectfully request that they be permitted to defer discussion of likely motions to a further Joint Case Management Statement to be filed (if necessary) after the parties engage in private mediation.

**5.    Amendment To The Pleadings.**

The parties propose that this Court establish May 21, 2008 as the deadline for amending the pleadings in this matter.

**6.    Evidence Preservation.**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures.**

The parties anticipate serving initial disclosures within 30 days of the Court's entry of a Case Management Order.

**8.    Discovery.**

The parties have not commenced discovery.

The parties propose a first phase of discovery ("First Phase Discovery") to occur within 90 days from the Court's entry of a Case Management Order.  First Phase Discovery would be limited to discovery, including, as appropriate, informal exchange of information, which the parties believe is necessary to prepare for and participate in a private mediation of this action. The parties have agreed to mediate this matter and believe that such limited First Phase Discovery to be completed in advance of mediation, and prior to full discovery and class certification proceedings, will increase the likelihood that mediation will be productive.  If the mediation does not resolve the case, the parties would meet and confer in a subsequent Rule 26 conference for purposes of discussing, among other things, a plan for further discovery, as well as discovery, motion and other pretrial deadlines.  The parties would then submit a supplemental Joint Case Management Statement in anticipation of a further Case Management Conference.

**9.    Class Actions.**

The parties respectfully request that they be permitted to defer discussion of class-related

1  proceedings to a second Joint Case Management Statement to be filed (if necessary) after the

2  parties engage in private mediation.

3      **10.    Related Cases.**

4      To the best of their knowledge, the parties state that there are no related cases or

5  proceedings pending before another judge of this court, or before another court or administrative

6  body.

7      **11.    Relief.**

8      Plaintiff seeks the following relief for herself and "all individuals who were employed by

9  defendant in the position of underwriter, senior underwriter, underwriter trainee, and/or any

10  similar position that is responsible for reviewing home mortgages to consumers…within the State

11  of California during the applicable limitations period:" (1) compensatory damages; (2)

12  declaratory relief; (3) restitution of all wages; (4) interest; (5) penalties; and (6) attorneys' fees.

13      Defendant has not filed any counterclaims.

14      **12.    Settlement and ADR.**

15      The parties have filed their ADR Certifications, in compliance with ADR Local Rule 3-5.

16  The parties have agreed to engage in mediation regarding all of the claims made in this case,

17  using the services of a private mediator who will be mutually selected.  The parties agree to

18  complete the mediation within 120 days of the Court's entry of a Case Management Order.  This

19  period of time will allow the parties to engage in First Phase Discovery, as noted in Paragraph 8

20  above, and will allow the parties to prepare for mediation.  The parties will advise the Court of

21  the completion and results of the mediation by filing a Certification of Session in compliance with

22  Local ADR Rule 6-13.  The Parties do not require any further assistance from the Court regarding

23  settlement efforts at this time.

24      **13.    Consent to Magistrate Judge For All Purposes.**

25      The parties do not consent to have a magistrate judge conduct all proceedings in this

26  matter.

27      **14.    Other References.**

28      At this time, the parties do not believe that this matter is suitable for reference to binding

1   arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

2       **15.    Narrowing of Issues.**

3       The parties respectfully request that they be permitted to defer discussion of potential

4   methods for narrowing the issues to a second Joint Case Management Statement to be filed (if

5   necessary) after the parties engage in private mediation.

6       **16.    Expedited Schedule.**

7       The parties do not believe that this matter may be resolved on an expedited schedule.

8       **17.    Scheduling.**

9       The parties respectfully request that they be permitted to defer discussion of proposed

10  dates for the designation of experts, discovery cutoff, hearing of any dispositive motions, pretrial

11  conference, and trial to a second Joint Case Management Statement to be filed (if necessary) after

12  the parties engage in private mediation.

13      **18.    Trial.**

14      The parties respectfully request that they be permitted to defer discussion of issues related

15  to trial to a second Joint Case Management Statement to be filed (if necessary) after the parties

16  engage in private mediation.

17      **19.    Disclosure of Non-Party Entities or Persons.**

18      On November 26, 2007, Defendant filed its Certification of Interested Entities or Persons.

19  Defendant restates that National City Corporation (i) has a financial interest in the subject matter

20  in controversy or in a party to the proceeding, or (ii) has a non-financial interest in that subject

21  matter or in a party that could be substantially affected by the outcome of this proceeding.

22      **20.    Other Matters.**

23      The parties do not wish to raise other matters with the Court at this time.

24

25

26

27

28

1    Dated: February 21, 2008                Respectfully submitted,

2                                            Jones Day

3

4                                            By:   /S/ Catherine S. Nasser
                                                   Catherine S. Nasser
5                                            Counsel for Defendant NATIONAL CITY BANK

6

7    Dated: February 21, 2008                Respectfully submitted,

8                                            Hoffman & Lazear

9

10                                           By:   /S/ Arthur W. Lazear
                                                   Arthur W. Lazear
11                                           Counsel for Plaintiff SONIA RENAZCO

12
     SFI-578821v1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1    Dated: February 21, 2008                Respectfully submitted,

2                                            Jones Day

3

4                                            By: _____
                                                 Catherine S. Nasser
5                                            Counsel for Defendant NATIONAL CITY BANK

6

7    Dated: February 21, 2008                Respectfully submitted,

8                                            Hoffman & Lazear

9

10                                           By: _____
                                                 Arthur W. Lazear
11                                           Counsel for Plaintiff SONIA RENAZCO

12
     SFI-578821v1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28