EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SONIA RENAZCO,**<br><br>    Plaintiff,<br><br>  v.<br><br>**NATIONAL CITY BANK, and DOES 1 through 100,**<br><br>Defendant. | Case No. CV-07-5947 PJH<br><br>NOTICE OF SETTLEMENT OF CLASS ACTION |

To: All individuals who were employed by National City Bank's mortgage division or by National City Mortgage Company ("National City") in the position of underwriter, senior underwriter, underwriter trainee, and/or any similar position within the State of California from July 26, 2003 through December 31, 2007 ("Class Members").

**PLEASE READ THIS NOTICE CAREFULLY**

**IT MAY AFFECT YOUR LEGAL RIGHTS**

YOUR ESTIMATED SHARE OF THE SETTLEMENT IS SET FORTH IN THE CLAIM FORM ENCLOSED WITH THIS NOTICE. IN ORDER TO RECEIVE YOUR SHARE OF THE SETTLEMENT, YOU MUST RETURN THE CLAIM FORM BY NO LATER THAN March 3, 2009__, 2008.

### I.    INTRODUCTION

YOU ARE HEREBY NOTIFIED that a proposed class action settlement ("the Proposed Settlement") of the above-captioned action ("the Action") initially filed in the Sonoma County Superior Court, and removed to the United States District Court for the Northern District of California (the "Court") by National City, has been reached by the parties and has been granted preliminary approval by the Court which is supervising the Action. The Court will hold a hearing at 9:00 a.m. on April 22, 2009, to determine whether it should grant the Proposed Settlement final approval.

The records of National City show that you were employed by National City in California at some time during the period of July 26, 2003, through December 31, 2007 (the "Class Period") in the position of an underwriter, senior underwriter, underwriter trainee, and/or any similar position, and therefore are a Class Member in the Action. The Court has ordered that this Notice be sent to you because as a Class Member you may be entitled to money under the Settlement and because the Settlement affects your legal rights.

# EXHIBIT A

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU ABOUT:

1) THE STATUS AND NATURE OF THE ACTION,

2) THE TERMS OF THE SETTLEMENT, AND

3) YOUR RIGHTS AND OPTIONS IN CONNECTION WITH THE SETTLEMENT.

## II. SUMMARY OF THE ACTION

On July 26, 2007, named Plaintiff Sonia Renazco filed a complaint in Sonoma County Superior Court in the State of California, and an amended complaint (the "Complaint") on or about September 28, 2007, alleging that National City violated the California Unfair Competition Law by misclassifying Class Members as "exempt" employees and failing to pay them overtime wages for all hours worked over 40 hours in a week or 8 hours in a day in violation of the Fair Labor Standards Act, the California Labor Code, and the Industrial Welfare Commission Wage Order 4-2001; failing to provide Class Members with meal and rest periods; failing to pay certain Class Members overtime wages owed to them at the time their employment with National City terminated; failing to furnish Class Members with timely and accurate wages; and failing to furnish Class Members with timely and accurate wage statements showing the number of hours worked per pay period. The Complaint sought restitution of unpaid overtime, statutory recovery of overtime wages, one hour's pay for each day a meal and/or rest period was not provided, waiting time penalties, interest, penalties, including Labor Code Private Attorneys General Act penalties, reasonable attorneys' fees and expenses, and declaratory relief.

Following the removal of the action to the Federal Court, the parties engaged in a mediation of the claims being asserted which resulted in a tentative agreement as to the settlement of the claims.

National City denies any liability or wrongdoing of any kind in connection with the claims alleged, and contends that it has fully complied with the Fair Labor Standards Act, the California Labor Code, the California Business and Professions Code, and the applicable Industrial Welfare Commission Wage Orders. Nevertheless, National City wishes to settle to avoid further costly, disruptive, and time-consuming litigation.

On December 3, 2008, the Court preliminarily certified a settlement class of those individuals who, as verified by National City's personnel and payroll records, worked in the position of an underwriter, senior underwriter, underwriter trainee, and/or any similar position in California at any time between July 26, 2003, through December 31, 2007 (hereinafter referred to as the "Settlement Class"). The Court also preliminarily appointed Plaintiff Renazco as Class Representative, and the law firms of Hoffman & Lazear, Law Office of Newman Strawbridge, and Law Office of Cameron Cunningham as Class Counsel. The Court also preliminarily approved terms of the Settlement reached in this action. Finally, the Court scheduled a Final Approval Hearing on the Settlement at 9:00 a.m. on April 22, 2009, at which time the Court will decide whether to grant final approval of the Settlement.

# EXHIBIT A

This Settlement, entered into on August 18, 2008, is the result of extensive negotiations between National City and its counsel, on the one hand, and the Class Representative and Class Counsel, on the other. The Class Representative and Class Counsel believe that this settlement is fair, reasonable, and in the best interests of the Class.

### III. SUMMARY OF SETTLEMENT TERMS

<u>Settlement Amount</u>. National City has agreed to pay up to a maximum of $2,500,000.00 (the "Maximum Settlement Amount") to fully resolve the claims in the Action. National City will also pay the employer's share of payroll taxes arising from actual settlement payments to Class Members.

<u>Payments</u>.

The Court has tentatively approved the Settlement Administration payment below, which is to be made from the Maximum Settlement Amount:

> <u>Settlement Administration</u>. Payment to the Settlement Administrator of approximately $24,208.00 for the expense of notifying the Class Members of the Settlement, processing claims submitted by Class Members, and resolving any disputed claims.

Plaintiff's counsel will seek approval for the following Attorneys' Fees and Expenses and Service Award to the named class representative, which, if approved, will be made from the Maximum Settlement Amount:

> <u>Reasonable Attorneys' Fees and Expenses</u>. Payment to Court-approved Class Counsel of $625,000.00 as reasonable compensation for the work they performed in this Action, will continue to perform through settlement finalization and distribution of class member payments, and $15,000 for the costs they incurred and will incur in connection with the Action. For nearly a year, Class Counsel have been prosecuting the Action on behalf of the Settlement Class on a contingency fee basis (that is, without being paid any money to date) and have been paying all litigation costs and expenses. Class Members are not personally responsible for any of Class Counsel's attorney's fees or expenses.

> <u>Service Award to Named Plaintiff</u>. A Service Award to compensate the Class Representative, Sonia Renazco, for the services she provided on behalf of the Settlement Class, will be awarded in the amount of $5,000.00. This payment is in addition to whatever payment the Class Representative is otherwise entitled to as a class member.

<u>Calculation of Individual Class Member Awards</u>. After deducting the Court-approved amounts above, members of the "Settlement Class" (as defined in the parties' Settlement Agreement and Release on file with the Court) will be allocated a settlement award based on the number of weeks that the class member worked as an underwriter, senior underwriter, underwriter trainee, and/or any similar position during the Class Period.  This amount will be determined by dividing the net settlement amount by the total number of weeks worked (13,708 weeks) by the Settlement Class and multiplying the result by the number of weeks worked by each Class Member.

# EXHIBIT A

Payments to Class Members. Only Class Members who file a completed Claim Form **postmarked by 3/3/09** will receive their allocated share of the settlement. Class Members will have the opportunity to challenge the data on their Claim Forms used to calculate their Settlement Awards, if they believe the data is incorrect. If the conditions of the Settlement (as described below) are met, and after the Court finally approves the Settlement Agreement, settlement checks will be mailed to Class Members who submitted timely and valid Claim Forms. The settlement amounts will be allocated for tax purposes as 60% for payment of wages, 30% for payment of interest, and 10% for payment of penalties. The Administrator will send appropriate tax reporting forms to Class Members who have received settlement awards.

**Any Class Members who do not file valid Claim Forms or who submit Claim Forms after the filing deadline will not receive their allocated shares of the settlement, and the amount of those shares will not be available to those Class Members. However, all Class Members will still be bound by the Settlement Agreement, unless they have opted out as set forth in Section V below.**

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing finally approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class. National City will have the option to reject the Settlement in its entirety if more than 10% of Class Members opt out of the settlement.

## IV.   RIGHT TO CLAIM MONEY FROM THE SETTLEMENT

Class Members who want to receive money under the Settlement must completely fill out, sign and date the enclosed Claim Form, and mail the completed Claim Form **postmarked by no later than 3/3/09** to the Settlement Administrator at the following address:

**Renazco v. National City Bank**
c/o Epiq Systems
Street Address
City, State, Zip

**Claim Forms postmarked after 3/3/09 will be denied.** If you wish to have confirmation that the Settlement Administrator has received your Claim Form, please send your Claim Form to the Settlement Administrator by certified U.S. Mail with a return-receipt request.

The Claim Form lists the total number of weeks you worked for National City as an underwriter, senior underwriter, underwriter trainee, and/or any similar position during the Class Period, excluding leaves of absence. If you believe the total number of weeks on the Claim Form is incorrect, you may contact the Settlement Administrator. You may also send the Settlement Administrator any documents or other information that supports your challenge to the information on the Claim Form. The Settlement Administrator will use National City's records and any information you provide to resolve any dispute about your employment dates. The decision rendered by the Settlement Administrator regarding disputed claims shall be final and non-appealable.

EXHIBIT A

Class Members who do not submit a valid Claim Form or who file Claim Forms after the [ 3/3/09 ] deadline **will not receive any money** from the Settlement. Class Members who do not submit timely Claim Forms, however, **will still be bound by the terms of the settlement, including the release of claims, unless they opt-out as set forth in Section V, below.**

## V. OPT-OUT PROCEDURE

You have the right to exclude yourself from, or "opt out" of, this settlement. If you opt out of this lawsuit, (a) you will have no right to receive any money under the settlement of this case; (b) you will not be bound by the settlement in this lawsuit; and (c) you may be able to bring or participate in a separate lawsuit against National City. If you opt out of this lawsuit and bring or participate in a separate lawsuit, you may lose your case and receive nothing, or you may obtain less money than you could get under this settlement even if you prevail, and it may take several years to obtain any such money. To opt out of this lawsuit, you must submit a written notice with your name, address, phone number, and social security number, stating that you want to opt out of this settlement, to the Renazco v. National City Bank Settlement Administrator, c/o Epiq Systems, 10300 SW Allen Blvd, Beaverton, OR 97005. The written notice must state:

> I wish to opt out of the settlement of this case, Renazco v. National City Bank (U.S. District Court, Northern District of California, Case No. C 07-5947 PJH). I understand that by requesting to be excluded from the settlement, I will receive no money under the Settlement Agreement. I understand that if I am excluded from the class settlement, I may be able to bring a separate action. I understand that in any separate lawsuit, I may receive nothing or less than I would have received if I had filed a claim for money pursuant to the Settlement Agreement.

Your opt-out statement must be postmarked no later than [ 2/1/09 ] to be valid.

## VI. RIGHT TO OBJECT

If you are a Class Member, have not opted out, and believe that the Settlement should not be finally approved by the Court, you may object to the proposed Settlement Agreement. Objections must be in writing. You do not need to hire your own attorney (though you are allowed to do so, at your own expense) and a written objection does not need to be a formal written pleading. The court will consider all written objections. Objections must be filed with the Court, on or before [ 2/1/09 ]. At the same time, copies of objections must be mailed or delivered to Class Counsel and National City's counsel at the following addresses:

Class Counsel:

H. Tim Hoffman
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612

**EXHIBIT A**

National City's Counsel:

Donna M. Mezias
Catherine S. Nasser
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104

Stanley Weiner
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114

    If you wish to object to the settlement in person in addition to a written objection, you may appear at the Final Approval Hearing scheduled for April 22, 2009 at 9:00 a.m., in Courtroom 3 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., 17th Floor, San Francisco, California,  94102. You have the right to appear either in person or through your own attorney at this hearing, however, the Court will consider your written objection even if you do not appear at the Final Approval Hearing.

    If you object to the Settlement, you will remain a member of the Class, and if the District Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any member of the Class who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

## VII.   CLASS RELEASE

    If approved by the Court, the Settlement Agreement will be binding on all members of the Class who do not opt out as set forth in Section V above (whether or not they timely submit a Claim Form) and will bar any Class Member who has not opted out from bringing certain claims against National City as set forth in the following provisions of the Settlement Agreement:

> Upon the final approval by the Court of this Agreement, and except as to such rights or claims as may be created by this Agreement, the Settlement Class and each Class Member fully releases and discharges National City Bank and all of its present and former parent companies, subsidiaries, divisions, affiliates, affiliated entities, and joint venturers, and each of their present and former shareholders, directors, officers, employees, agents, servants, registered representatives, insurers, successors, assigns, advisors, and attorneys (the "Released Parties") from any and all claims, debts, liabilities, demands, claims for restitution or injunctive relief, obligations, guarantees, costs, expenses, attorneys' fees, damages, penalties, actions, or causes of action of whatever kind or nature, whether known or unknown, that were asserted or could have been asserted in the Complaint under permissive joinder rules, from the beginning of time up through the date of the final approval by the Court of this Agreement, including but not limited to all claims under the *California Labor Code* (including but not limited to Sections 200, 201, 202, 203, 204, 210, 215, 216, 218, 226, 226.6, 226.7, 510, 512, 553,

EXHIBIT A

558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2699), the California Industrial Welfare Commission Wage Orders, *California Business and Professions Code* § 17200 *et seq.,* and federal law, including but not limited to all claims under the Fair Labor Standards Act (including all claims for liquidated damages thereunder) (referred to herein as the "Released Claims").

In order to achieve a full and complete release of the Released Parties with respect to the Released Claims, each Class Member acknowledges that this Agreement is also intended to include in its effect all Released Claims which each Class Representative and Class Member does not know or suspect to exist in his or her favor at the time that he or she signs his or her Claim Form. Accordingly, each Class Representative and each Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and does so understanding the significance of that waiver. Section 1542 provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Each Class Member agrees not to initiate a lawsuit against the Released Parties based on any claim released under this Agreement,.

## VIII.   NO RETALIATION OR UNDUE INFLUENCE

California and federal law prohibits National City from retaliating against employees who exercise their rights under the California and federal wage and hour laws.

## IX.   HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement Agreement will be held on April 22, 2009 at 9:00 a.m., in Courtroom 3 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., 17th Floor, San Francisco, California, 94102.. The Hearing may be continued without further notice. **You are not required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

## X.   ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Settlement. For a more detailed statement of the matters involved in the Action and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, 94102, during regular business hours of each court day.

Case 4:07-cv-05947-PJH   Document 38   Filed 12/09/08   Page 8 of 8

**EXHIBIT A**

If you have any questions about the Settlement Agreement or the process for filing your Claim Form, you may contact the Settlement Administrator at **[telephone number].** You may also contact Class Counsel listed below for more information:

H. Tim Hoffman
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612
(510) 763-5700

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR NATIONAL CITY'S ATTORNEYS WITH ANY QUESTIONS.**

### XI.    REMINDER AS TO PARTICIPATION REQUIREMENTS

If you wish to receive any portion of the Settlement funds, you must complete and return the enclosed Claim Form to the Settlement Administrator, **postmarked not later than 3/3/09**.

DATED: _December 9_____, 2008            BY ORDER OF THE COURT
                                         HON.  PHYLLIS J. HAMILTON
                                         UNITED STATES DISTRICT COURT
                                         FOR THE NORTHERN DISTRICT OF
                                         CALIFORNIA

SFI-599121v1



IT IS SO ORDERED
Judge Phyllis J. Hamilton